UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DENNY F.,[1]                                                    Case No. 6:20-cv-00097-MK

               Plaintiff,                               **OPINION**
                                                                                    **AND ORDER**

     v.

COMMISSIONER, Social Security
Administration,

               Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

Plaintiff Denny F. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his applications for supplemental

security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act

(the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42

U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and

judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. §

636(c). *See* ECF No. 6. For the reasons that follow, the Commissioner's final decision is

REVERSED and this case is REMANDED for an immediate calculation and payment of

benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB on March 2016, alleging a disability onset date of June 20, 2015.[2] Tr. 9. His applications were denied initially and upon reconsideration. Tr. 9. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on September 17, 2018. *Id.*; *see also* Tr. 26–67. At the hearing, Plaintiff dismissed his DIB claim. Tr. 36. On November 7, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 7–25. The Appeals Council denied Plaintiff's request for review on November 18, 2019, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 43 years old on his alleged onset date. Tr. 19. He has a high school education and, at the time of his hearing, was living with his partner who is also his care provider. Tr. 38. Plaintiff has past relevant work experience as a gas station attendant and construction worker. Tr. 39–41. Plaintiff alleged disability based on a fracture of the tailbone and right shoulder degenerative disease. Pl.'s Op. Br. at 2, ECF No. 28. In January 2018, Plaintiff was also diagnosed with a hernia and a mesenteric tear Tr. 34.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 19.

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also*

*Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold

the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007) (quotation omitted).

  The initial burden of proof rests upon the claimant to establish disability. *Howard v.*

*Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

  The Commissioner has established a five-step process for determining whether a person

is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First,

the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if

so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe

impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§

404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's]

physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If

not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner

determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if

not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to

determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related

activities that the claimant may still perform on a regular and continuing basis, despite any

limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e),

416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can

perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If

the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must

establish that the claimant can perform other work that exists in significant numbers in the

national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner

meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had

not engaged in substantial gainful activity since his alleged onset date. Tr. 12–13. At step two,

the ALJ found that Plaintiff had the following severe impairments: fracture of the tailbone and

right shoulder degenerative joint disease. Tr. 13. At step three, the ALJ found that Plaintiff did

not have an impairment or combination thereof that met or medically equaled the severity of a

listed impairment. *Id*. The ALJ found that Plaintiff had the RFC to perform the full range of

sedentary work, with the following limitations:

> [H]e can occasionally climb ramps and stairs, but never climb
> ladders, ropes, or scaffolds. He can occasionally stoop and crawl.
> He can frequently, but not constantly, reach with the right,
> dominant upper extremity. He requires the ability to alternate
> between sitting and standing at will, while remaining on task.

Tr. 15.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.

Tr.18. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and

RFC, a significant number of jobs existed in the national economy such that Plaintiff could

sustain employment despite his impairment. Tr. 19. The ALJ thus found Plaintiff not disabled

within the meaning of the Act. Tr. 20.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ failed to identify

legally sufficient bases to reject the opinion of Plaintiff's treating Physician Assistant; and (2) the

ALJ failed to consider Plaintiff's obesity and hernia. The Court addresses each argument in turn.

## I.    Medical Opinion Evidence

Plaintiff assigns error to the ALJ's evaluation of the opinion of his treating Physician

Assistant, Jillian Miller ("PA Miller"). Pl.'s Op. Br. at 4–9, ECF No. 28. Under Social Security

Ruling ("SSR") 06-03p, which was in effect at the time that Plaintiff filed his claim, "acceptable

medical sources" include licensed physicians; licensed or certified psychologists; licensed

optometrists; licensed podiatrists; and qualified speech-language pathologists. *See* 20 C.F.R. §§

404.1513(a), 416.913(a) (effective September 3, 2013 to March 26, 2017).[3] Physician Assistants, however, are considered "other" non-acceptable medical sources. *See* 20 C.F.R. §§ 404.1513(a), 404.1513(d). However, "depending on the facts of the case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the opinion of a treating source." 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1); SSR 06-03p, at *5. This is because "other sources" may have information "based on a special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, at *2 (emphasis added). *See also* 20 C.F.R §§ 404.1527(c)(2), 416.927(c) (explaining that treating providers "bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone" and may be assigned "controlling weight"). To reject an "other" source opinion, ALJs must provide "germane" reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

PA Miller served as Plaintiff's treating care provider beginning in 2015. Tr. 687. PA Miller treated Plaintiff monthly for primary care. Tr. 1243. In a June 2017 letter, PA Miller explained her familiarity with Plaintiff's medical history and his impairments. Tr. 687. PA Miller wrote that Plaintiff had "significant hypertension that results in frequent visits to the clinic and ER, as well as diverticular disease that often has exacerbations resulting in time spent hospitalized," as well as a mesenteric tear and herniation. Tr. 1240.

---

[3] For claims filed on or after March 27, 2017, certain health care providers that were previously considered "non-acceptable" under SSR 06-03p (rescinded) now qualify as acceptable medical sources, including physician assistants. *See* 20 C.F.R. §§ 416.902, 404.1502.

PA Miller opined that Plaintiff's functional limitations include sedentary work activity; occasionally lifting up to ten pounds, five pounds frequently; and standing two hours of an eight-hour workday. Tr. 1240. PA Miller also concluded that Plaintiff's limitations "would lead to excessive absences if defined by greater than two days per month." *Id*.

The ALJ assigned "some weight" to PA Miller's opinion that Plaintiff was limited to sedentary work with the public but effectively rejected the remainder of the opinion. Tr. 18; *see also* Tr. 1240. The ALJ found that PA Miller's opinion that Plaintiff could work with the public, which the PA noted in her September 2018 response to Plaintiff's counsel's questionnaire, was somehow inconsistent with a June 2017 letter to Plaintiff's housing management company, which prescribed Plaintiff an emotional support animal for his apartment. Tr. 1240, 687.

The ALJ here failed to identify an actual inconsistency. PA Miller's prescription of an emotional support animal was for purposes of housing and was prescribed in order to "enhance [Plaintiff's] ability to live independently" and "assist [Plaintiff] with his disability." Tr. 687. PA Miller opinion that Plaintiff retained the ability to work with the public is not mutually exclusive with that recommendation. In other words, PA Miller's recommendation that Plaintiff would benefit from an emotional support animal due to mental health issues does not contradict her opinion that Plaintiff was capable of working in coordination with, or in proximity to, co-workers. The ALJ's conclusion to the contrary is not supported by the record and is not a germane reason to reject the opinion.

The Commissioner also argues the ALJ properly rejected PA Miller's opinion that Plaintiff would miss multiple days of work per month because it was poorly supported. Def.'s Br. 4, ECF No. 29. The ALJ, however, did not raise that rationale in his rejection of the opinion. In fact, the ALJ did not provide any meaningful analysis of PA Miller's opinion. The argument is

therefore an impermissible *post hoc* rationalization upon which this Court may not affirm. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The Court notes, however, that the record contains ample support for PA Miller's opined limitations, including frequent healthcare provider and emergency room visitations. *See, e.g.,* Tr. 377 (August 4, 2015: presenting with back pain, hypertension, and hypercholesterolemia), Tr. 356 (November 6, 2015: complaining of chest pain when lifting more than 20 pounds), Tr. 365 (September 30, 2015: presenting with muscle cramping in left lower leg), Tr. 346 (February 01, 2016: ongoing shoulder pain for several years on and off shoulder pain, making physical therapy for tailbone difficult).

In sum, the ALJ failed to supply legally sufficient reasons for rejecting PA Miller's opinion.

## II.    Obesity and Hernia

Plaintiff asserts the ALJ erred in failing to consider the impact of Plaintiff's obesity on his impairments and failed to find Plaintiff's hernia severe. Pl.'s Op. Br. 9–11, ECF No. 28. The Court disagrees.

The ALJ discussed the relevant SSR that governs how adjudicators consider the impact of obesity in relations to disability claims and considered the "impact of his obesity on his other impairments[.]" Tr. 13. The ALJ's conclusion was therefore supported by substantial evidence. The ALJ also supplied an adequate explanation for finding Plaintiff's hernia non-severe. The step two inquiry "is 'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290

(9th Cir. 1996)). To qualify as severe, among other things, the impairment must have lasted, or be expected to last, for at least 12 months. 20 C.F.R. §§ 404.1509, 416.909, 404.1520, 416.920. The ALJ noted that the record indicated a history of treatment for a hernia but went on to explain that the hernia would be resolved within twelve months of the alleged onset date and therefore did not qualify as a severe impairment for purposes of his disability claim. That conclusion is supported by substantial evidence.

### III.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Coleman*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained

how that evidence casts serious doubt" on whether the claimant is disabled under the Act.

*Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks

omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above.

The ALJ failed to supply legally sufficient reasons for rejecting PA Miller's opinion. As to the

second requisite, the record has been fully developed and further proceedings would not be

useful. The VE testified that employers generally do not tolerate employees to miss "more than

two days per month." Tr. 63–34. Thus, fully crediting PA Miller's opinion that Plaintiff's

impairments "would lead to excessive absences [of] greater than two days per month," the third

requisite is also satisfied. Tr. 1240. Lastly, considering the record as a whole, the Court has no

basis to doubt that Plaintiff is disabled under the Act. As such, the Court concludes the proper

remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on

substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case

REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and

payment of benefits.

IT IS SO ORDERED.

DATED this 28th day of September 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge